## BOBO v. WRIGHT. (No. 7271.)

(Court of Civil Appeals of Texas. Dallas. Feb. 13, 1915.)

JUDGMENT ☞256—CONFORMITY TO VERDICT.

Where plaintiff traded a horse to defendant for a horse of defendant warranted by him to be sound, and sought to recover back his horse or its value, because of false representations, and tendered to defendant the horse received from him, and defendant filed a cross-bill for the use of his horse while in possession of plaintiff, but requested no charge on the subject, a verdict for plaintiff determined all the issues, but a judgment for plaintiff should direct him to return the horse obtained from defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ☞256.]

Appeal from Van Zandt County Court; C. L. Stanford, Judge.

Action by S. M. Wright against J. T. Bobo. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

Wynne, Wynne & Gilmore, of Wills Point, for appellant. M. G. Sanders and R. M. Lively, both of Canton, for appellee.

RAINEY, C. J. Appellee and appellant traded horses, the appellant representing his mare to be sound, which appellee believed to be true, and, so believing, the trade was made. Appellant's mare proved to be unsound, and appellee sued in the justice court to recover back his horse or its value, $100, on the ground of false representations, caused a writ of sequestration to issue, and tendered back the mare. He recovered judgment in the justice court, from which appellant appealed to the county court, where appellee also recovered judgment, and appellant brings the cause to this court for review.

The evidence is conflicting; that adduced by each party being sufficient to support their respective contentions. So it became a question for the jury to determine which party was right, and, the jury having found for the appellee, we see no cause for reversing the judgment. The verdict of the jury was, "We, the jury, find for the plaintiff." The judgment decrees the horse to appellee, and, he having replevied the horse, the judgment further quiets the possession in him, but says nothing about the mare. Nor does it say anything about appellant's cross-bill for the use of the mare while in the possession of appellee. Appellant requested no charge in regard to the mare, nor as to his cross-bill. There being no special charge requested by appellant, the verdict was sufficient to include a judgment against appellant on his cross-bill, and also on the issue of returning the mare. But we think the judgment on the verdict should have decreed a return of the mare to appellant. In view of appellee's having tendered the mare by his pleading, the judgment will be reformed so as to include the return of the mare to appellant.

The judgment as reformed will be affirmed. Affirmed.